■ In the Matter of MURRAY WANK et al., Respondents, v RICHARD VAN ETTEN et al., Constituting the Board of Appeals of the Township of Thompson, Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered November 26, 1975 in Sullivan County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Thompson. The petitioners decided to build an addition to their house. On May 27, 1974 they received a letter from their next door neighbor advising them that the neighborhood homeowners association had approved the project, but that they should also get approval from the town authorities. The next day, May 28, petitioner Murray Wank applied for a building permit to add a room described as a "den and deck". The permit was refused on June 6. On June 12 he applied for a variance which was necessary because the addition would reduce the rear yard area below the required zoning footage. His application for a variance was based upon necessity. On August 12, 1974 petitioner Bernyce Wank also applied for a building and zoning permit for the addition of a "den and deck". The record contains evidence that during the pendency of the zoning application the petitioners nevertheless went ahead and completed their proposed addition. The respondent board found that the petitioners proceeded with their construction with knowledge that it was in violation of the zoning laws and that finding is supported by substantial evidence. The petitioners contended that the addition was necessary so that their grandchildren would be able to visit more conveniently. The board upon substantial evidence found that there was a failure to establish any such necessity and, in any event, the original application was for a den and deck, not a bedroom. Special Term exceeded its powers in this case by substituting its judgment for that of the board (see *Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393; *Corter v Zoning Bd. of Appeals for Vil. of Fredonia,* 46 AD2d 184). While it is unfortunate that the petitioners have expended sums of money, the record contains some evidence that this addition would change the planned character of the area and that the variance would be detrimental. In this case the self-created financial hardship could properly be given little weight by the board *(Matter of Banos v Colborn,* 35 AD2d 281, affd 30 NY2d 502). Taking the record as a whole, the board's determination is supported by substantial evidence and is not arbitrary or capricious. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.