■ In the Matter of ALICE CICENIA, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN et al.,

Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Brookhaven dated February 25, 1988, which denied the petitioner's application for a special permit and for five variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Colby, J.), entered September 6, 1988, which annulled the determination and remitted the matter for de novo consideration by the respondent Zoning Board of Appeals of the Town of Brookhaven.

Ordered that on the court's own motion the appellants' notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Eiber, and leave to appeal is granted by Justice Eiber (see, CPLR 5701 [b] [1]); and it is further,

Ordered that the judgment is reversed, on the law, and the petition is dismissed, with costs.

The petitioner is the owner of a 40-foot by 150-foot parcel of real property located at 56 Oakmont Avenue in the Town of Brookhaven, which she purchased in 1976 along with two other lots immediately to the rear of the parcel. The parcel is located in a one-family district zoned "B Residence", and it contains a one-story 24.2-foot by 56.8-foot frame dwelling.

The petitioner, who does not dispute that she caused the parcel to be improved with the dwelling without first obtaining a building permit, or that she subsequently rented the dwelling to two families without obtaining a certificate of occupancy, filed an application with the respondent Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Zoning Board) on or about August 20, 1987, for a special permit for the building on a lot less than 50 feet in width. She also applied for variances for (1) lot area (6,000 square feet instead of 15,000 square feet), (2) lot frontage (40 feet instead of 100 feet), (3) front yard setback (36.5 feet instead of 40 feet), (4) minimum side yard (4.7 feet instead of 18 feet), and (5) total side yard (15.5 feet instead of 40 feet) (Town of Brookhaven Zoning Code § 85-61 et seq.). The petitioner also needed, but did not apply for, variances for percentage of lot coverage (23% rather than 20%), and for first-floor square footage (1,375 square feet rather than 850 square feet).

Public hearings were held on the petitioner's applications on October 14, 1987, November 25, 1987, January 6, 1988, January 13, 1988, and February 24, 1988. On February 25, 1988, the petitioner's applications were denied, and findings were issued on May 11, 1988, followed by amended findings on May 18, 1988.

The petitioner then commenced this proceeding pursuant to CPLR article 78, and the court annulled the determination of the Zoning Board and remitted the matter for de novo consideration, finding, *inter alia,* that the Zoning Board had not adequately considered the petitioner's contention that her property was held in single and separate ownership.

We reverse and reinstate the denial of the petitioner's application by the Zoning Board, as the determination was rational and based upon substantial evidence.

The evidence suggests that the petitioner's parcel is in single and separate ownership, as it is in a so-called "back-to-back split" formation with the two commonly owned parcels to its south, from which it is separated by a fence. There is no evidence that the commonly owned plots were ever used in conjunction with each other, or that they materially enhanced the value and utility of each other *(see, Matter of Baretto v Zoning Bd. of Appeals,* 123 AD2d 692; *see also, Matter of McDermott v Rose,* 148 AD2d 615; *Hemlock Dev. Corp. v McGuire,* 35 AD2d 567; *Matter of Scavone v Volz,* 34 AD2d 966).

However, the application at issue, while masquerading as one for an area variance, is in fact an application for a use variance to maintain an already-constructed two-family home in a one-family home district. In addition to a use variance, the petitioner requires a special permit to build on a lot less than 50 feet in width, and 7 area variances—although she has applied for only 5. We find the petitioner's protestations that, if granted the requisite permit and area variances, she will convert the two-family structure into a one-family dwelling, to be disingenuous, since, with knowledge that the property was in a one-family zone, she persisted in building a two-family structure there without a building permit. The petitioner may not now be heard to promise that she will comply with the law on condition that the law sanction her past illegal behavior.

Town of Brookhaven Zoning Code § 85-221 (Nonconforming Uses) provides, in pertinent part: "C. Singly and separately owned lots. (1) Any structure or additions thereto may be erected on any singly and separately owned lot at the time of its inclusion in any zoning district although such lot does not meet the area requirements for such district, provided that the lot area requirements in effect immediately prior to inclusion are met, provided that the front yard, side yard and rear yard requirements of the zoning district in which the lot is

now located are met, and further provided that the use of said structure is a permitted use within the zoning district in which it is located." Paragraph (2) of the same subdivision adds: "Notwithstanding the foregoing, a structure may be constructed on a lot less than 50 feet in width by special permit from the Zoning Board of Appeals if that lot is single and separate."

Clearly, the petitioner's application does not meet the front yard and side yard requirements of the district as currently zoned, and the two-family use of the structure is not "a permitted use within the zoning district in which it is located". In addition, under Town of Brookhaven Zoning Code § 85-18 (B) the Zoning Board was obliged to deny the application for a special permit where its granting would damage the value, comfort, convenience and order of the neighborhood, and would subvert the purpose of the zoning ordinance. Such special permits can only be issued by a zoning board upon fulfillment of the conditions mandated in the applicable zoning code. Where, as here, the record supports a determination that the standards enunciated in the applicable ordinance have not been met, "the courts will not interfere with that determination absent clear illegality" *(Brick Hill Constr. Corp. v Zoning Bd. of Appeals,* 74 AD2d 810, 811, *affd* 53 NY2d 621; *see, Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801).

We further find that the petitioner failed to establish "conformity" of her parcel with others in the area by submitting a few photographs and by representing, through her attorney, that other houses in the neighborhood had narrow side yards. There was no showing of what percentage of the nearby dwellings had side yards as narrow as the petitioner's. Moreover, the petitioner failed utterly to demonstrate that other homes in the neighborhood were in any way similar to hers in its many other divergences from the requirements of the zoning code. Even had conformity been shown, however, the Zoning Board justifiably denied the petitioner's application in the absence of proof of economic hardship *(see, Matter of Welch v Zoning Bd. of Appeals,* 71 AD2d 702), since any cost incurred by her attendant upon the removal of the illegal structure was self-created and entitled to little weight by the Zoning Board *(see, Matter of CDK Rest. v Krucklin,* 118 AD2d 851; *Matter of Wank v Van Etten,* 55 AD2d 693).

We finally conclude that there is no evidence to suggest that the Zoning Board failed to disclose any information pertinent to its determination which was gleaned by its members during

their on-site inspection of the premises *(cf., Matter of Stein v Board of Appeals,* 100 AD2d 590). Thompson, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.