■ In the Matter of ALYSON GREEN et al., Appellants, v DANIEL SCHEYER et al., Respondents. [612 NYS2d 663] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning and Appeals of the Incorporated Village of Sands Point, dated November 21, 1991, which, after a hearing, granted the application of the Solomon Schechter Day School of Nassau County Endowment Foundation for an area variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Ain, J.), dated September 14, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Between 1981 and 1983, the Solomon Schechter Day School of Nassau County Endowment Foundation (hereinafter the Foundation) was given one acre of undeveloped property which was approximately 130 feet wide and had approximately 130 feet of street frontage. The Foundation wanted to construct a one family home on the property and to then sell it. An area variance was required to do this as the residence district in which the property was located required a minimum of 150 feet of street frontage and a minimum width of 140 feet. In January 1990, the Foundation applied to the Board of Appeals of the Incorporated Village of Sands Point (hereinafter the Board) for an area variance to permit the construction of a single-family home on the lot.

After public hearings, the Board granted the application. In reaching its determination, the Board considered the fact that the previous owner of the property had been denied an area variance in 1972. The Board determined that there had been a significant change in circumstances in the 19 years since that denial because, *inter alia,* many similar variances had been granted since 1972, the magnitude of the desired variance was minimal, granting the variance would not change the character of the neighborhood, and there would not be a substantial detriment to adjoining properties.

The appellants, adjoining landowners, commenced this proceeding challenging the determination to grant the area variance and the Supreme Court upheld the determination of the Board.

It is well settled that local zoning boards have broad discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). A zoning board's determination will be sustained if it has a rational basis and is supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702).

The record clearly establishes that the determination of the Board to grant the area variance to the Foundation was not arbitrary and capricious, but rather had a rational basis and was supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d, at 139, *supra).*

We have considered the petitioners' remaining contentions and find them to be without merit. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.