In the Matter of AMERICAN LEGION POST #112, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF MOUNT PLEASANT, N.Y., Appellant. [783 NYS2d 606]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mount Pleasant dated November 14, 2002, which, after a hearing, inter alia, denied the petitioners' application for area variances, the appeal is from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), entered July 7, 2003, as granted that branch of the petition which was to direct the Zoning Board of Appeals of the Town of Mount Pleasant to issue the requested variances.

Ordered that the judgment is reversed insofar as appealed from, on the law, and that branch of the petition which was to direct the Zoning Board of Appeals of the Town of Mount Pleasant to issue the requested variances is denied.

It is well established that local zoning boards have broad discretion, and that "[a] determination of a zoning board should be sustained on judicial review if it has a rational basis and is

supported by substantial evidence" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]). Moreover, "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*id.*).

The Zoning Board of Appeals of the Town of Mount Pleasant, New York (hereinafter the Board), denied the subject variances based on the set of factors listed in Town Law § 267-b (3). Although the Board incorrectly found that the petitioner's dilemma was self-created (*see Matter of Sexton v Zoning Bd. of Appeals of Town of Oyster Bay,* 300 AD2d 494, 497 [2002]), the Board properly took "into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Town Law § 267-b [3] [b]), and concluded, after hearing testimony and inspecting the area itself, that the safety issues associated with creating another building lot adjacent to an elementary school outweighed any benefit to the petitioner. The Board's decision to deny the variances therefore had a rational basis and was supported by substantial evidence. Therefore, it should not have been disturbed (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra*). H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.