■ In the Matter of GEOFFREY S. MATHERSON, Respondent, v RICHARD I. SCHEYER et al., Appellants. [799 NYS2d 86]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip, dated December 10, 2002, which, after a hearing, denied the petitioner's application for a subdivision of two parcels of real property and an area variance as to the smaller parcel, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Tanenbaum, J.), entered April 15, 2004, which granted the petition, annulled the determination, and directed the Board of Zoning Appeals of the Town of Islip to grant the petitioner's application.

Ordered that the order and judgment is affirmed, without costs or disbursements.

In August 2001 the petitioner, Geoffrey S. Matherson, purchased the subject property consisting of two adjoining lots in the Town of Islip (hereafter the Town). One lot, known as lot 42, measures 40 feet x 100 feet and the other lot, known as lot 64, measures 80 feet x 100 feet. Lot 42 is developed with a single-family dwelling and detached garage built in or about 1938, while lot 64 is vacant. The lots are in a "back-to-back" split configuration, in that they share a common rear boundary and have frontage on two parallel streets. Lot 64 comports completely with the Town's residential B zoning area density requirements, and lot width, front yard, side yard, and rear yard provisions, while lot 42 is substandard (see Islip Town Code §§ 68-111, 68-113, 68-114, 68-115, 68-116).

Since August 1946 both lots were owned by the prior owner. Although the applicable zoning ordinance was not enacted until 1952, the prior owner never sought to establish a pre-existing nonconforming use with respect to lot 42; rather, in 1997, in contemplation of the proposed sale to the petitioner, she applied to the appellant Board of Zoning Appeals of the Town of Islip (hereafter the ZBA) for a variance to "legalize" the improvements on lot 42. That application was denied by the ZBA in a 1997 decision (hereinafter the 1997 Determination), in which the ZBA took notice that the prior owner of lot 42 also owned lot 64, and ruled, in effect, that the two lots had merged. The ZBA then found that the prior owner's application for a "variance" as to lot 42 was, in reality, a request to subdivide the two merged lots, which the ZBA then denied on the ground that the application "was improperly brought and advertised" and was "misleading." The ZBA further ruled that even considered "as it stands" (i.e., as a request for an area variance as to lot 42), the application "would have to be denied" under Town Law § 267-b. The prior owner petitioned the ZBA for a rehearing, but there is nothing in the record to show that the ZBA ever acted on that petition.

In 1999 the Town issued a certificate of compliance for the dwelling, listing the property to which it applied as both lots 42 and 64. The certificate bore a notation stating "Properties may not be Subdivided w/o ZBA permission." The two lots were subsequently sold to the petitioner in August 2001.

The following year, with a view toward leaving lot 42 substantially unchanged and constructing a conforming residence on lot 64, the petitioner applied to the ZBA for permission to subdivide the property and for an area variance with re-

spect to lot 42. In its determination dated December 10, 2002 (hereinafter the 2002 Determination), the ZBA found that the application was "in essence identical to" the prior owner's 1997 application, and denied it for the reasons stated in the 1997 Determination, which the ZBA specifically incorporated by reference into the 2002 Determination. The petitioner then commenced this CPLR article 78 proceeding to review the 2002 Determination. The Supreme Court granted the petition, annulled the 2002 Determination, and directed the ZBA to grant the petitioner's 2002 application. We affirm.

As a general proposition, local zoning boards have broad discretion, and " '[a] determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence' (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]). Moreover, '[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure' (*id.*)" (*Matter of American Legion Post # 112 v Zoning Bd. of Appeals of Town of Mount Pleasant, N.Y.,* 11 AD3d 457, 457-458 [2004], *lv denied* 4 NY3d 706 [2005]).

Under the unusual circumstances presented here, the basis for the 1997 Determination is properly presented for review inasmuch as the ZBA expressly incorporated the 1997 Determination by reference into the 2002 Determination. Moreover, contrary to the ZBA's contention, on this record, the Supreme Court properly granted the petition because the ZBA acted arbitrarily, capriciously, and without rational basis in denying the petitioner's application on the grounds stated in the 1997 Determination.

To the extent that the ZBA denied the prior owner's 1997 application—denominated as one for a "variance" as to lot 4—on the ground that it was "improperly brought and advertised," it cannot now, *on the same ground,* deny the subject application which, unlike the 1997 application, was properly brought as one to subdivide lots 42 and 64 as well as for an area variance.

Moreover, to the extent that the ZBA considered the prior owner's 1997 application for a "variance" as concerning not merely lot 42, but a single property consisting of the merger of lots 42 and 64, the 1997 Determination lacked any rational basis and was not founded on substantial evidence. Lots in "back-to-back" split formation are deemed not to have merged where it is shown that, during the period of common ownership, the parcels were never used in conjunction with one another

and neither parcel materially enhanced the value or utility of the other (*see Matter of Sakrel, Ltd. v Roth,* 176 AD2d 732, 734 [1991]; *Cicenia v Zoning Bd. of Appeals,* 157 AD2d 722 [1990]; *Matter of Barretto v Zoning Bd. of Appeals,* 123 AD2d 692 [1986]). Here, as part of the 1997 application, the prior owner averred, without contradiction, that lot 64 (1) had never been used in conjunction or as one with lot 42, (2) had never been improved or been considered part of lot 42's backyard, (3) had habitually been overgrown with trees and other brush and used by neighbors to dump their grass clippings, and (4) had never been used by the prior owner or anyone in her family. Additionally, in connection with the subject application, the petitioner testified, also without contradiction, that a fence once separated the two lots. In the face of this uncontradicted evidence, the ZBA's determination that the two lots had merged lacks any factual basis in the record (*see McDermott v Rose,* 148 AD2d 615 [1989]).

Finally, viewing the prior owner's 1997 application exactly as what it was, namely, an application for a variance to "legalize" the existing dwelling on lot 42, it is clear that the ZBA had no basis to deny the application for failure to satisfy the requirements set forth in Town Law § 267-b. In making its determination, the ZBA was required to "engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Ifrah v Utschig,* 98 NY2d 304, 307 [2002]). Thus, the ZBA had to consider whether "(1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) the benefits sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial; (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created" (*id.* at 307-308).

Considering the evidence in light of these criteria, the ZBA failed, inter alia, to explain how the petitioner's (and the prior owner's) plan to leave in place the existing dwelling, which has been on lot 42 since 1938, could possibly produce any undesirable change in the character of the neighborhood, or have any adverse effect or impact on the physical or environmental conditions in the neighborhood.

The ZBA's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the petition, annulled the determination, and directed the ZBA to grant the petitioner's application. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.