In the Matter of RICHARD L. MATTIACCIO et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF PLEASANTVILLE, Respondent. [804 NYS2d 385]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Pleasantville filed February 10, 2004, which denied the petitioners' application for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered August 4, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners own a tract of land in the Village of Pleasantville consisting of two lots with a combined area of 24,119 square feet. The tract is situated in a zoning district which requires, inter alia, that each lot contain at least 21,780 square feet. The petitioners, who sought to subdivide their property into two substandard lots, applied to the Zoning Board of Appeals of the Village of Pleasantville (hereinafter the ZBA) for certain area variances. The ZBA denied the petitioners' application on the grounds that (1) the requested variances would produce an undesirable change in the character of the neighborhood, (2) the requested variances would adversely impact on physical and environmental conditions, (3) there were feasible alternatives the petitioners could pursue, (4) the requested variances were substantial, and (5) the difficulty was self-created. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Broad discretion is vested in local zoning boards in considering applications for variances, and judicial review is limited to

determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion. Therefore, a determination of a zoning board should be sustained if it has a rational basis, is not arbitrary and capricious, and is supported by substantial evidence (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Peconic Shores Dev. v Board of Zoning Appeals of Town of Brookhaven,* 19 AD3d 600 [2005]).

The ZBA properly denied the requested area variances. The granting of the variances would have resulted in the creation of two substandard lots, each requiring a substantial variance from the required minimum lot area (*see Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant,* 304 AD2d 575, 575-576 [2003]; *Matter of Ron Rose Group v Baum,* 275 AD2d 373, 374 [2000]). Moreover, the petitioners' difficulty was self-created (*see Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington,* 260 AD2d 487, 488 [1999]). The ZBA engaged in the required balancing test, and the Supreme Court properly denied the petition to annul its determination (*see* Village Law § 7-712-b [3] [b]; *Matter of Peconic Shores Dev. v Board of Zoning Appeals of Town of Brookhaven, supra*). Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.