In the Matter of JAMES SAMMARTINO et al., Appellants, v RICHARD I. SCHEYER et al., Respondents. [808 NYS2d 318]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip, dated March 4, 2003, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered March 11, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

After a hearing, the Board of Zoning Appeals of the Town of Islip (hereinafter the Board) denied the petitioners' application for a variance for a front-yard setback of 45.3 feet. The Islip Town Code provides that all buildings shall have a minimum required front-yard setback of 50 feet. The petitioners requested an additional hearing on the basis that the data used in the initial survey calculating the front yard setback of 45.3 feet was incorrect. The petitioners contended that a new survey dated March 28, 2003, stated that the correct front-yard setback is 48.8 feet. The Board denied the application for a rehearing on the basis that the petitioners did not demonstrate a substantial change of circumstances. The petitioners alleged, inter alia, that the Board improperly denied their application for a rehearing. The Supreme Court dismissed the proceeding finding, among other things, that the Board properly applied Town Law § 267-b (3) (b) and that the Board's determination to decline the petitioners' request for a rehearing was neither arbitrary and capricious nor an abuse of discretion.

"A local zoning board has broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Lee v Zoning Bd. of Appeals of Town of Putnam Val.*, 1 AD3d 600, 602 [2003]). The Board's interpretation of the local zoning ordinance is entitled to great deference (*id.*). A Board rule adopted in 1981 states: "If application is denied, new application cannot be accepted unless there is a substantial change in such application, or if granted permission by the Board after submission of a letter setting forth any new evidence which might indicate such substantial change or unless directed by a court of competent jurisdiction." The Board acted properly in denying the petitioners' application for a second hearing because the petitioners failed to demonstrate that there was a substantial change of circumstance since the first hearing. Even according to the new survey, the property was still in violation of the Town ordinance requiring a front-yard setback of 50 feet.

The petitioners' remaining contention is not properly before this Court. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.