*819 OPINION OF THE COURT
Sandra L. Sgroi, J.
Ordered that the petition to vacate the decision of the Board of Zoning Appeals is granted and this matter is remitted to the Board with the directive that a hearing be ordered held on this matter to determine if a variance should be issued to the petitioners. Enter judgment.
Pursuant to a prior order of this court, the petition was renoticed after the respondent’s motion to dismiss was denied and, after adjournment of the renoticed petition by the parties to this proceeding, the amended petition appeared on the court calendar on January 19, 2006. The petitioner had served and filed the amended verified petition on or about October 27, 2005. The respondents thereafter served their answer and an affirmation in opposition and filed the return with the court. The petitioners then served a reply.
The petitioners are the owners of a parcel of property located at 93 Tahlulah Lane, West Islip, New York, and came into title ownership of this property by deed dated June 17, 1985. The petitioners seek a variance from the respondents to expand their one-car garage into a two-car garage and their current proposed plan to construct a larger garage requires a variance from the required 14-foot side yard setback to a 10-foot side yard setback.
Prior to petitioners taking title to the property in 1985, the previous owners of the property had submitted an application in 1984 to add a two-car garage, which application was denied by the Board of Zoning Appeals (see amended petition U 6). The Board of Zoning Appeals decision that denied the 1984 application stated:
“A review of the testimony and a personal inspection reveals that the applicant is the owner of a parcel of property 100 feet wide by 150 feet deep on Tahlulah Lane backing up to Wampum Lagoon. There are two portions of the application. The applicant is requesting permission to add an addition to his dwelling (a 22’ x 32’ two car attached garage) to the front portion of his house but intruding into his side yard at least 6 feet closer to his neighbor’s property leaving 8.9 feet instead of the required 14 feet.
“The adjoining neighbor’s home on that side is also 15 feet from the property line and conforming. The *820 neighbor appeared at the hearing objecting that such an addition would be directly under his bedroom windows, there would be noise from the garage and it would affect his sunlight and ventilation on that side of his house. People are entitled to rely upon the protection of the Zoning Ordinance as to spacing between property and in the opinion of the Board such an addition would also adversely effect the adjoining neighbor’s property values by reduction of the side yard.
“The applicant has adequate property to build a one car garage or a garage closer to the south side of the property and stay with the building line on the north side of his house.
“Therefore, the Board finds that part of the application requesting permission to erect a garage 8.9 feet from a side yard instead of the required 14 feet and to have total side yards of 23.9 feet instead of 38 feet is denied.”
Over 20 years after this denial of relief in 1984 by the Board, the petitioners filed an application with the respondents on July 7, 2004 seeking permission to expand their one-car garage into a two-car garage leaving a side yard of 5.23 feet instead of the required 14 feet. The Board of Zoning Appeals, without a hearing, rejected the application made in 2004 citing the 1984 decision. The letter received by the architect for the petitioners, James E. Nolan, from the Town Board of Zoning Appeals, stated:
“The Board is in receipt of your letter dated July 12, 2004 regarding the above referenced application. After a review of the file and the decision, which was filed with the Town Clerk, it is the determination of this Board that you have not shown substantial change nor have you presented any new facts that would justify a rehearing. Therefore, after careful consideration, your request for a rehearing is denied. Our original denial stands.” (Amended petition, exhibit E.)
According to the petition, “[o]n or about November 8, 2004, the Petitioners sought reconsideration and a hearing on their application for permission to erect a garage, this time for permission to leave a side yard of 10 feet instead of the required 14 feet” (see amended petition 11 9). This request constituted a change in the side yard variance requested and reduced the side *821 yard variance sought by the petitioner. This request was in the form of a letter from James E. Nolan, the architect, which stated:
“I am requesting additional reconsideration of the above referenced application. I have substantially changed the original request for a 5’-0” side yard setback to a 10” [szc]-0” setback which is a 50% capitulation. I have checked with the Planning Department who informed me there were many approved examples of this setback in this zone.
“My client has a great interest in improving his property and your assistance in this matter would be much appreciated.” (Amended petition, exhibit E)
On December 8, 2004, without a hearing, a letter was sent to James E. Nolan from Richard Scheyer, the chairman of the Board of Zoning Appeals and a respondent herein, which referred to the 1984 application by the prior owners of the property to add a two-car garage and stated: “We have received your letter dated November 8, 2004 relative to the above referenced application. After careful review of the prior case the Board finds that there is not substantial change in the application which would justify a rehearing.” (Amended petition, exhibit H.)
On March 29, 2005, the attorney for the petitioners, Timothy J. Mattimore, Esq., sent a letter to the Board of Zoning Appeals requesting reconsideration of the 2004 application and stating various reasons that petitioners’ application should at least be considered by the Board (amended petition, exhibit I).
On April 21, 2005, the petitioners received notification from the Board of Zoning Appeals denying the request for a rehearing and stating that “[i]t is the determination of this Board that you have not shown substantial change nor have you presented any new facts that would justify a rehearing” (amended petition, exhibit J).
The petitioners herein, Harvey Kreisberg and Ann Kreisberg, then commenced this CPLR article 78 proceeding to annul and vacate that decision of the Board of Zoning Appeals on the ground that “said decision is arbitrary, capricious and unreasonable, illegal and without basis or evidence in the record” (notice of petition).
The court further notes that on this application the petitioners have submitted a letter from a neighbor which states that:
*822 “Harvey Kreisberg, my neighbor to the south, has showed me the plans he has to expand his garage from one-car to two cars. I understand this will reduce the side set-back between the garage and my property line from 14 feet to 10 feet. I have no problem with this and would recommend that his application for a variance be approved. I believe the architectural changes he plans to make will enhance the overall look of the property and be a positive addition to the neighborhood.” (Amended petition, exhibit K.)
After the respondents were served with the petition, they had moved to dismiss the petition alleging that the 1984 decision of the Board of Zoning Appeals was entitled to res judicata treatment and alleging that the application of that principle prevented the petitioners from seeking a rehearing from the 1984 decision of the Board of Zoning Appeals.
This court, in its previous decision, requested that the respondents provide the court with a full and complete return for this case and the 1984 zoning matter in order to permit a comparison of the two applications for a side yard variance to determine if these two applications were substantially the same. While the Town still maintains that the 1984 application and the November 2004 application are substantially the same, the return submitted by the respondents includes the proposed drawing prepared by the architect James Nolan dated November 19, 2004 and the drawing for the 1984 application and, upon comparison, it is clear to this court that while both applications request that the existing attached one-car garage on the premises be expanded to a two-car garage, the placement of the garage in each drawing is different, the width of the garage in the November 2004 application is shorter than the width of the proposed garage in the 1984 application, the proposed garage in the most recent application is approximately five feet shorter in length than the proposed garage in the 1984 application, and the new proposed garage does not infringe into the side yard as far as the 1984 application. The court also notes that the new proposal of the petitioners does not include the additional proposed room to the back of the house that appears in the drawing for the 1984 application. However, the court is not considering this additional room extension in making its determination because it appears from the 1984 decision of the Board of Zoning Appeals and the transcript of the hearing that this proposed room extension to the back of the house was not criti *823 cal to the determination of the Board of Zoning Appeals and the room was never constructed.
As the court stated in its previous decision, the legal doctrine of res judicata does apply to quasi-judicial determinations of zoning boards of appeals (see, Matter of Waylonis v Baum, 281 AD2d 636 [2001]; Matter of Timm v Van Buskirk, 17 AD3d 686 [2005]) and a second application for identical relief by the same person or a person in privity with the first applicant would be barred by res judicata (see, Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury, 130 AD2d 549 [1987], lv denied 70 NY2d 611 [1987]; Matter of Green v Scheyer, 205 AD2d 535 [1994]). Where, on a second application, a landowner fails to present any new facts which materially change aspects of the request, the zoning board of appeals, pursuant to the Town Law, could refuse to rehear the application (see, Matter of ELN Realty Corp. v Zoning Bd. of Appeals of Town of Greenburgh, 261 AD2d 619 [1999]). However, even if the later application for relief is brought by a different landowner and both applicants share interests in some respect, if they are not in privity in all respects necessary to satisfy the court of the fairness of applying the estoppel doctrine, the court will not give res judicata effect to the first decision of the zoning board. After a review of the return and the other papers submitted by the parties, this court finds that the applicant before the Board of Zoning Appeals in 1984 and the petitioners herein are not identical, the respondents have not shown that the petitioners herein were in privity with the 1984 applicant and res judicata cannot be used as an estoppel against the petitioners in this proceeding.
While the respondents cannot rely on res judicata to support their refusal to hear the petitioners’ request for relief, the court is aware of the Town of Islip Zoning Board of Appeals rule adopted in 1981 which states:
“[I]f application is denied, new application cannot be accepted unless there is a substantial change in such application, or if granted permission by the Board after submission of a letter setting forth any new evidence which might indicate such substantial change or unless directed by a court of competent jurisdiction.”
While the court recognizes that this rule serves a salutary administrative purpose in preventing repeat applications that are in all respects the same, that is not the situation before this court (see generally, Matter of Sammartino v Scheyer, 24 AD3d *824 681 [2d Dept 2005]; Matter of Matherson v Scheyer, 20 AD3d 425 [2005]).
A second application for similar relief presents a situation in which the zoning board of appeals has some discretion as to the type of hearing, if any, that will be granted (see generally, Town Law § 267-a [12]). As noted above, if the same applicant applies for identical relief from the zoning board without alleging that circumstances have changed, the zoning board may deny the application after summary consideration pursuant to the procedure set forth in the Town Law (see, Matter of Ardolino v White, 286 App Div 882 [1955]; see also, Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Hastings-on-Hudson, 145 AD2d 490 [1988]). The zoning board under those circumstances would not need to rely upon the 1981 zoning board rule of the Town of Is-lip Zoning Board of Appeals referred to above.
Although the courts of this state will sustain a denial of a second application by the zoning board of appeals without a hearing if the applicant requests substantially the same relief and if, in that request, that applicant makes no allegations that warrant a new hearing (see, Matter of Sammartino v Scheyer, 24 AD3d 681 [2005]; Matter of Matherson v Scheyer, 20 AD3d 425 [2005]; Matter of Lee v Zoning Bd. of Appeals of Town of Putnam Val., 1 AD3d 600 [2003]), the court now has proof from the return and the other submissions that the facts involved in this application are not identical with the facts in the first application for a variance that was made in 1984 and further that the two applications are not substantially the same applications (see, Siegel, NY Prac § 463 [4th ed]).
The court must note that where a planning board has denied an application for a conditional use permit, a second application for relief is not barred if the applicant presents significant changes in the plans and new evidence of lack of neighborhood opposition (see, Caper v Parker, 271 App Div 839 [1946]; Matter of Morehouse v Town of Horicon Planning Bd., 85 AD2d 769 [1981]; Matter of Josato, Inc. v Wright, 288 AD2d 384 [2001]). Here, the first request for a permit by an applicant was made in 1984 by a person other than the petitioners herein, the 1984 application involved factually distinguishable proposals for constructing a garage and the 1984 application was opposed by the neighbor adjacent to the property (see, Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val., 3 AD3d 496 [2004]; see also Matter of Peccoraro v Humenik, 258 AD2d 465 [1999]; Kalpin v Accettella, 160 AD2d 909 [1990]). There is no *825 indication in this record that there is opposition in the neighborhood and, in fact, as noted above, the neighbor of the petitioners whose property is located on the side of the petitioners’ house where the variance is requested has submitted a letter in support of the petitioners’ application.
While the court recognizes that the Board of Zoning Appeals has broad discretion in considering applications for variances and that the court’s review is limited to determine whether the action taken was illegal, arbitrary or an abuse of discretion (Matter of Lee v Zoning Bd. of Appeals of Town of Putnam Val., 1 AD3d 600 [2003]), this does not give the Board the authority to summarily deny a second application made over 20 years after the first application, for different, albeit related relief without at least affording the homeowners a hearing on the matter. The present standard for granting an area variance is provided by Town Law § 267-h (3) (b) which states:
“(b) In making its determination, the zoning board of appeals shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant. In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance.”
This present standard was not the law that was applied in 1984 by the Board of Zoning Appeals on the first application for an area variance (see Rice, Practice Commentaries, McKinney’s Cons Laws of NY, Book 61, Town Law § 267-b).
In summary, the homeowner petitioners herein have not been given the opportunity to provide the Board of Zoning Appeals with evidence that their proposed addition will not affect the *826 character of the neighborhood and that the neighborhood residents are not in opposition to the addition. A long period of time has passed between the first application in 1984 for the construction of a two-car garage and this application (see generally, Matter of Lee v Zoning Bd. of Appeals of Town of Putnam Val., 1 AD3d 600 [2003] [where less than one year had passed when the second application came before the zoning board]), and the law has changed since the first application for an area variance was submitted to the Board of Zoning Appeals in 1984. The present variance request contains other differences from the first request in both the setback footage requested and the size of the proposed addition to the house. And finally, the 1984 decision of the Board of Zoning Appeals was heavily influenced by the opposition of the owner of the property most affected by the proposed variance and the present owner of the property not only does not oppose the new request for an area variance by the petitioners, but it appears that he actively supports that request.