■ In the Matter of PAUL A. ROSSNEY, Appellant, v ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF OSSINING, Respondent. [914 NYS2d 190]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Ossining dated September 15, 2008, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered April 30, 2009, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner's contentions that the determination of the re-

spondent, Zoning Board of Appeals of the Incorporated Village of Ossining (hereinafter the ZBA), was arbitrary and capricious, and that the ZBA failed to apply the statutory analysis required by Village Law § 7-712-b (3), are without merit. Judicial review of a determination of a zoning board of appeals is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Hoag v Zoning Bd. of Appeals of Town of Clinton*, 27 AD3d 742 [2006]; *Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton*, 7 AD3d 710 [2004]; *Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals*, 298 AD2d 458 [2002]). Where the determination of a zoning board of appeals is rational and supported by substantial evidence, a reviewing court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record (*see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 5 NY3d 236 [2005]; *Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 423 [1996]; *Matter of Roberts v Wright*, 70 AD3d 1041 [2010]; *Matter of Mueller v Zoning Bd. of Appeals of Town of Southold*, 10 AD3d 687 [2004]; *Matter of Sadler v Zoning Bd. of Appeals of Town of Union Vale*, 240 AD2d 505 [1997]).

Pursuant to Village Law § 7-712-b (3) (b), in making a determination on an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the community, and considering the statutory factors. The five statutory factors are: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) whether the requested area variance is substantial, (4) whether the proposed variance will have an adverse impact on the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty was self-created.

Here, the ZBA considered all of the statutory factors and weighed the benefit to the petitioner against the possible detrimental effects to the health, safety, and welfare of the neighborhood and community, as required by the Village Law. The ZBA found that the petitioner's proposal would result in the creation of two substandard lots requiring a substantial variance from the required minimum lot area, that the petition-

er's difficulty was self-created, and that the proposed subdivision would produce an undesirable change in the character of the neighborhood (*see Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926 [2007]; *Matter of Mattiaccio v Zoning Bd. of Appeals of Vil. of Pleasantville*, 22 AD3d 758 [2005]; *Matter of Ram v Town of Islip*, 21 AD3d 493 [2005]; *Matter of Cortland LLC v Zoning Bd. of Appeals of Vil. of Roslyn Estates*, 21 AD3d 371 [2005]; *Matter of Milburn Homes v Trotta*, 7 AD3d 531 [2004]; *Matter of DiPaci v Zoning Bd. of Appeals Vil. of Upper Nyack*, 4 AD3d 354 [2004]; *Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant*, 304 AD2d 575 [2003]). The ZBA also found that the benefit sought by the petitioner could be achieved by another feasible method besides an area variance, and that the petitioner's proposal would have adverse effects on physical and environmental conditions in the neighborhood. The ZBA's determination had a rational basis and was not illegal, arbitrary and capricious, or an abuse of discretion. Accordingly, the Supreme Court properly denied the petition. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur.