■ In the Matter of ANDREW PATRICK, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF RUSSELL GARDENS, Respondent. [15 NYS3d 50]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Russell Gardens Zoning Board of Appeals dated October 15, 2012, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered May 15, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Traendly v Zoning Bd. of Appeals of Town of Southold*, 127 AD3d 1218, 1218 [2015]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). Thus, a zoning board's determination should be sustained on judicial review if it has a rational basis and is supported by evidence in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Traendly v Zoning Bd. of Appeals of Town of Southold*, 127 AD3d 1218 [2015]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *Matter of Traendly v Zoning Bd. of Appeals of Town of Southold*, 127 AD3d 1218 [2015]). The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors, as long as its determination balancing the relevant considerations is rational (*see Matter of Traendly v Zoning Bd. of Appeals of Town of Southold*, 127 AD3d at 1218-1219; *Matter of Merlotto v*

*Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]).

Separate parcels of land in common ownership which have frontage on parallel streets and a common rear boundary are deemed not to have merged where it is shown that, during the period of common ownership, the parcels were never used in conjunction with one another and neither parcel materially enhanced the value or utility of the other (*see Matter of Matherson v Scheyer*, 20 AD3d 425, 427-428 [2005]).

Contrary to the petitioner's contention, the determination of the Zoning Board of Appeals of the Village of Russell Gardens (hereinafter the zoning board) that the subject lots had merged had a substantial basis and was supported by the evidence in the record. The evidence before the zoning board showed that the subject lots, one containing a preexisting single-family dwelling and the other two vacant, were used in conjunction with one another from 1948 until their purchase by the petitioner in 2011 (*see Matter of Matherson v Scheyer*, 20 AD3d at 427-428; *Matter of Sakrel, Ltd. v Roth*, 176 AD2d 732, 733-734 [1991]; *Matter of Barretto v Zoning Bd. of Appeals of Inc. Vil. of Bayville*, 123 AD2d 692, 692 [1986]; *Matter of Martino v DeChance*, 2009 NY Slip Op 32731[U], *5 [Sup Ct, Suffolk County 2009]).

In addition, the granting of the petitioner's request for variances would have resulted in the creation of two more nonconforming lots in a unique neighborhood, the variances requested were substantial, and the hardship was self-created (*see Matter of Rossney v Zoning Bd. of Appeals of the Inc. Vil. of Ossining*, 79 AD3d 894 [2010]; *Matter of Mattiaccio v Zoning Bd. of Appeals of Vil. of Pleasantville*, 22 AD3d 758 [2005]; *Matter of Ram v Town of Islip*, 21 AD3d 493 [2005]; *Matter of Cortland LLC v Zoning Bd. of Appeals of Vil. of Roslyn Estates*, 21 AD3d 371 [2005]). Thus, the zoning board's denial of the petitioner's application for area variances had a rational basis and was supported by evidence in the record.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.