Matter of Harn Food, LLC v DeChance (2018 NY Slip Op 01604)





Matter of Harn Food, LLC v DeChance


2018 NY Slip Op 01604


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04083
 (Index No. 8624/15)

[*1]In the Matter of Harn Food, LLC, appellant, 
v
Paul M. DeChance, etc., et al., respondents.


Richard I. Scheyer, Nesconset, NY, for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated April 8, 2015, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated March 16, 2016, which denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owns vacant real property in the Town of Brookhaven containing two tax lots, which share a rear boundary and abut two parallel streets. The petitioner applied to the Town of Brookhaven for area variances to build two houses on the property, one abutting each street. The petitioner contends that it is entitled to area variances because the property consists of two single and separate tax lots. After a hearing, the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the BZA) denied the application, determining that the property consists of two merged tax lots, and that the petitioner would have reasonable use of the property by developing one house instead of two.
The Supreme Court properly denied the petition and dismissed the proceeding seeking to annul the BZA's determination. Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Fuentes v Planning Bd. of Vil. of Woodbury, 82 AD3d 883). Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (see Matter of Ifrah v Utschig, 98 NY2d 304, 308). A determination is rational if it has some objective factual basis (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772), and courts consider "substantial evidence" only to determine whether the record contains sufficient evidence to support the rationality of the determination being questioned (see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2).
Here, the petitioner contends that the two tax lots are single and separate because they share a common rear boundary and abut two parallel streets. Contrary to the petitioner's contention, there is evidence in the record that the two tax lots have merged and are no longer single and separate (see Matter of Patrick v Zoning Bd. of Appeals of Vil. of Russell Gardens, 130 AD3d 741, 742; Matter of Matherson v Scheyer, 20 AD3d 425). The two lots have been held in common ownership since 1948, and the petitioner presented no evidence to suggest that the lots are now separate. As the Town Code of the Town of Brookhaven does not consider such adjoining lots as single and separate (see Code of the Town of Brookhaven § 85-1[B]), the BZA rationally determined that the two lots have merged (see Matter of Sakrel, Ltd. v Roth, 176 AD2d 732; cf. Matter of Berko v Kern, 215 AD2d 475; Matter of Cicenia v Zoning Bd. of Appeals of Town of Brookhaven, 157 AD2d 722). Accordingly, the property must comply with the lot area requirements provided for in the Town Code of the Town of Brookhaven (see Code of the Town of Brookhaven § 85-2[C][1]).
In considering an application for area variances, Town Law § 267-b(3)(b) requires a zoning board to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood or community if the area variances are granted (see Matter of Sasso v Osgood, 86 NY2d at 384). In particular, a zoning board must consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance (Town Law § 267-b[3][b])" (id. at 384).
Here, there was evidence at the hearing that the proposal does not conform to the surrounding development pattern, in that only 5 lots (12%) of the 42 improved lots in the area conform to the lot area requested in the application, and only 7 lots (17%) conform to the lot frontage requested in the application. In 2007, an identical application for a property in the immediate area was denied by the BZA. There is no dispute that the requested variances are substantial deviations from the present zoning requirements. Thus, contrary to the petitioner's contentions, the findings of the BZA were based on objective facts appearing in the record (see Matter of Halperin v City of New Rochelle, 24 AD3d at 772).
Furthermore, the petitioner will have a feasible alternative use of the property with construction of one house instead of two (see Matter of Ifrah v Utschig, 98 NY2d at 309). The BZA properly considered this alternative as part of its analysis (see Town Law § 267-b[3][b]; Matter of Ram v Town of Islip, 21 AD3d 493). Having purchased the lots as one parcel of property under the existing A-2 Residential zoning requirements (see Matter of Sasso v Osgood, 36 NY2d at 385), the petitioner is chargeable with knowledge of the applicable zoning restrictions and is bound by them (see Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello, 271 AD2d 612).
Thus, the BZA properly weighed the appropriate factors and concluded that the detriment to the health, safety, and welfare of the neighborhood outweighed the benefit to the petitioner in granting the requested relief (see Matter of Sasso v Osgood, 86 NY2d at 384). As the BZA's determination was not illegal, arbitrary and capricious, or an abuse of discretion, it should be upheld (see Matter of Fuhst v Foley, 45 NY2d at 444).
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court