■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LAMAR, Appellant. [684 NYS2d 517] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), rendered August 10, 1995, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life on the burglary and criminal possession of a weapon in the second degree convictions and 8 years to life on the remaining conviction, unanimously affirmed.

The court did not deprive defendant of an opportunity to prepare his defense by denying his request for an adjournment after the indictment was amended to change the address of the crime scene since evidence before the Grand Jury and other information provided him with knowledge in advance of trial of the location of the actual crime scene and since he failed to demonstrate how the amendment affected his defense or required any adjournment (*see, People v Clapper*, 123 AD2d 484, 485, *lv denied* 69 NY2d 825).

The court properly exercised its discretion in declining to

impose sanctions for the loss of a 911 tape since defendant did not request the tape until after it had been already destroyed by the Police Department in the course of routine procedure (*People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077), and there was no bad faith by the People or prejudice to defendant, who received a copy of the Sprint printout, the contents of which were received in evidence by stipulation.

The challenged portions of the prosecutor's summation constituted proper inferences to be drawn from the evidence (*People v Ashwal*, 39 NY2d 105) and proper responses to the summation of defense counsel (*People v Galloway*, 54 NY2d 396).

The evidence was legally sufficient to establish defendant's guilt of the crimes of which he was convicted and the verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determination.

The People satisfied their burden of proving beyond a reasonable doubt the existence of the previous felony convictions and that defendant was the person so convicted (CPL 400.21 [7] [a]; *People v Harris*, 61 NY2d 9). Since defendant then failed to establish the unconstitutionality of the previous felony convictions (*supra*), the court properly adjudicated him a persistent violent felony offender. We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.