■ In the Matter of ROSEMARIE HUGEL, Respondent, v DANIEL T. CAMPBELL et al., Appellants. [713 NYS2d 697] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Floral Park, dated October 20, 1998, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated February 25, 1999, which, in effect, annulled the determination, directed that the variance be granted, and remitted the matter to the appellants for issuance of the variance, subject to appropriate conditions.

Ordered that the judgment is affirmed, without costs or disbursements.

Pursuant to Village Law § 7-712-b (3) (b), in determining an application for an area variance, a zoning board must engage in a balancing test, considering the five factors set forth in the statute, and weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see, Matter of Khân v Zoning Bd. of Appeals,* 87 NY2d 344; *Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Peccoraro v Humenik,* 258 AD2d 465). It cannot be said that the Zoning Board adequately considered all five of the statutory factors. Thus, the Supreme Court properly found that the determination of the Zoning Board was not supported by substantial evidence, and that the petitioner was entitled to an area variance. The mere presence of community opposition and the unsupported conclusory allegations voiced by neighboring property owners do not justify the denial of an application for a variance (*see, Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan,* 251 AD2d 333, 335). Accordingly, the Supreme Court properly annulled the determination and remitted the matter to the Zoning Board for issuance of the variance, subject to appropriate conditions. Santucci, J. P., Thompson, Sullivan and Goldstein, JJ., concur.