THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. OFIELD, Appellant. [720 NYS2d 678] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]). Defendant contends that he was denied effective assistance of counsel as a result of defense counsel's failure to object when the complainant, a former prosecutor, testified on direct examination by the prosecutor concerning her pretrial identification of defendant from a photo array and her subsequent identification of defendant at the preliminary hearing. The photo array was admitted in evidence. Generally, "[e]vidence that a witness identified defendant from a photo array * * * is not admissible on the People's direct case" (*People v Wallace,* 187 AD2d 998; *see also, People v Lindsay,* 42 NY2d 9, 12). Here, however, defense counsel referred to the pretrial identification in his opening statement as part of the defense strategy to

discredit the complainant's initial identification of defendant from the photo array. Defense counsel attempted to establish through cross-examination of the complainant and police witnesses that complainant's identification of defendant from the photo array was erroneous because there was a discrepancy between the photograph of defendant in the photo array and the description given by the complainant to the police, and that the erroneous identification from the photo array was the basis for the complainant's subsequent identifications at the preliminary hearing and the trial. The complainant's identification is the only evidence connecting defendant to the crime. Under these facts, defendant was not denied effective assistance of counsel based on defense counsel's failure to object to the complainant's testimony (*see, People v Baldi,* 54 NY2d 137, 147).

We reject the contention of defendant that the photo array was unduly suggestive because he was wearing a white T-shirt and appeared taller than the other men depicted in the array. "A photographic array is suggestive when some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection" (*People v Brown,* 169 AD2d 934, 935, *lv denied* 77 NY2d 958). Upon our review of the photo array, we conclude that Supreme Court properly determined that the photo array is not unduly suggestive; "[t]he photo array depicts six males all about the same age with similar facial features [and similar hair styles,] and was not so suggestive that the witness[ ]' attention was drawn to only one subject" (*People v Davis,* 148 AD2d 952, *lv denied* 74 NY2d 663). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Attempted Robbery, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.