■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MOORE, Appellant. [742 NYS2d 747] —Appeal from a judgment of Erie County Court (Drury, J.), entered July 7, 1999, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (former § 265.03), and arson in the third degree (§ 150.10). Contrary to the contention of defendant, the conviction is supported by legally sufficient evidence (*see People v Bleakley,* 69 NY2d 490, 495). Although there was no direct evidence of guilt, there is a "valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder on the basis of the [circumstantial] evidence at trial, viewed in the light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926). Upon our review of the evidence, we conclude that the verdict is not against the weight of the evidence (*see Bleakley,* 69 NY2d at 495).

We reject defendant's contention that the photo array was unduly suggestive because the clothing and facial hair of the men in the other photographs differed from defendant's clothing and facial hair. The witness did not identify defendant based on the clothing that defendant or the other men were wearing, and the difference in the facial hair of the other men "was not sufficient to create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). Upon our review of the photo array, we conclude that County Court properly determined that the array was not unduly suggestive. Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Scroger,* 288 AD2d 931), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant contends that the People failed to meet their burden of proving beyond a reasonable doubt the existence of defendant's predicate felony conviction to support his adjudication as a second felony offender (400.21 [7] [a]). We disagree. The People met their burden by presenting the testimony of the Assistant District Attorney who was present when defendant pleaded guilty to the predicate felony conviction and was sentenced thereon (*see generally People v Lamar,* 257 AD2d 465, 466, *lv denied* 93 NY2d 854; *People v Espinoza,* 241 AD2d 554, 555, *lv denied* 90 NY2d 1011). Defendant did not raise, let alone establish, any constitutional challenge to the prior felony conviction, and thus the court did not err in adjudicating him a second felony offender (*see Lamar,* 257 AD2d at 466). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude they are without merit. Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.