■ In the Matter of BIANCO HOMES, INC., Respondent, v CHARLES G. WEILER et al., Appellants. [744 NYS2d 433] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Hempstead dated September 7, 2000, which, after a hearing, denied the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated March 13, 2001, which annulled the determination and directed the Board of Zoning Appeals of the Incorporated Village of Hempstead to issue the variances.

Ordered that the judgment is affirmed, with costs.

Pursuant to Village Law § 7-712-b (3) (b), in determining an application for an area variance, a zoning board must engage in a balancing test, considering the five factors set forth in the statute, and weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Peccoraro v Humenik,* 258 AD2d 465). Although one of the factors which must be considered is whether the applicant's difficulty is self-created, this factor is not determinative (*see Matter of Sasso v Osgood, supra*; *Peccoraro v Humenik, supra*). The Board of Zoning Appeals of the Incorporated Village of Hempstead (hereinafter the Board) did not properly consider and weigh all the relevant statutory factors. Furthermore, the record contains no evidence that granting the variances would have an undesirable effect on the character of the

neighborhood or an adverse impact on physical and environmental conditions. Thus, the Supreme Court properly found that the determination of the Board was not supported by substantial evidence, and that the petitioner was entitled to the area variances. The mere presence of community opposition and the unsupported conclusory allegations voiced by neighboring property owners do not justify the denial of an application for area variances (*see Matter of Hugel v Campbell*, 276 AD2d 488; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan*, 251 AD2d 333, 335; *Matter of C&B Realty Co. v Town Bd. of Town of Oyster Bay*, 139 AD2d 510, 511). Accordingly, the Supreme Court properly annulled the determination and remitted the matter to the Board for issuance of the area variances. Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.