◼ In the Matter of BIANCO HOMES II, INC., Respondent, v CHARLES G. WEILER et al., Appellants. [744 NYS2d 431] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Hempstead dated August 3, 2000, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from an order of the Supreme Court, Nassau County (DeMaro, J.), dated March 26, 2001, which annulled the determination and remitted the matter to the Board of Zoning Appeals of the Incorporated Village of Hempstead for a new determination.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof directing that a new determination be made on the application, and substituting therefor a provision directing that the Board of Zoning Appeals of the Incorporated Village of Hempstead issue the variance; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to Village Law § 7-712-b (3) (b), in determining an application for an area variance, a zoning board must engage in a balancing test, considering the five factors set forth in the statute, and weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Sasso v Osgood*, 86 NY2d 374; *Matter of Peccoraro v Humenik*, 258 AD2d 465).

The Board of Zoning Appeals of the Incorporated Village of Hempstead (hereinafter the Board) did not properly consider

and weigh all the relevant statutory criteria. Accordingly, the Supreme Court properly annulled the determination (*see Matter of Josato v Wright,* 288 AD2d 384; *Matter of Miller v Zoning Bd. of Appeals of Town of E. Hampton,* 276 AD2d 633, 634). However, since the Supreme Court also properly found that the Board's determination was not supported by substantial evidence, the Board should have been directed to issue the area variance to the petitioner, rather than make a new determination (*see Matter of Bianco Homes v Weiler,* 295 AD2d 505 [decided herewith]; *Matter of Ifrah v Utschig,* 282 AD2d 458, 459; *Hugel v Campbell,* 276 AD2d 488; *Lazzara v Kern,* 269 AD2d 449, 450; *Peccoraro v Humenik,* 258 AD2d 465). Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.