*962 Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered September 10, 2002, convicting defendant after a jury trial of robbery in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the third degree (Penal Law § 160.05). Contrary to the contention of defendant, the photo array from which the victim and another witness identified him was not unduly suggestive (see generally People v Chipp, 75 NY2d 327, 335-336 [1990], cert denied 498 US 833 [1990]). Although'there are some differences in the physical characteristics of the persons in the photo array, the differences are not such that defendant’s photograph “ ‘draws the viewer’s attention in such a way as to indicate that the police have made a particular selection’ ” (People v Ofield, 280 AD2d 978, 979 [2001], lv denied 96 NY2d 832 [2001]). Thus, it cannot be said that there was a “substantial likelihood that the defendant would be singled out for identification” (Chipp, 75 NY2d at 336; see People v Corchado, 299 AD2d 843, 844 [2002], lv denied 99 NY2d 581 [2003]; People v Moore, 294 AD2d 864 [2002], lv denied 98 NY2d 700 [2002]; People v Levy, 281 AD2d 984 [2001], lv denied 96 NY2d 831 [2001]; Ofield, 280 AD2d at 979). Because defendant did not establish that the photo array was unduly suggestive, we reject his further contention that the photo array tainted a subsequent lineup identification procedure. Defendant’s contention that the photo array should have been admitted in evidence to demonstrate to the jury that it was unduly suggestive has not been preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). Contrary to the further contention of defendant, the 10-year period used in determining whether he is a second felony offender runs from the date of sentencing on the predicate felony, not from •the date of its commission (see Penal Law § 70.06, [1] [b] [iv]), and thus defendant was properly sentenced as a second felony offender. Finally, the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Present—Green, J.P, Wisner, Hurlbutt, Kehoe and Hayes, JJ.