■ In the Matter of LESSINGS, INC., Respondent, v RICHARD I. SCHEYER et al., Appellants. [790 NYS2d 545]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip dated May 15, 2002, which denied the petitioner's application for certain area variances, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 30, 2003, as granted the petition, annulled the determination, and directed the appellants to issue area variances subject to certain conditions.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In determining the petitioner's application for area variances, the Board of Zoning Appeals of the Town of Islip (hereinafter the Board) was required to engage in a balancing test (*see* Town Law § 267-b [3] [b]). It was required to weigh the benefit to the petitioner of granting the application against the detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 612 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 307 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 382, 384 [1995]). Although one of the factors to be considered is whether the difficulty is self-created, this factor is not determinative (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood, supra* at 385; *Matter of Bianco Homes v Weiler,* 295 AD2d 505 [2002]; *Matter of Peccoraro v Humenik,* 258 AD2d 465 [1999]).

The Supreme Court properly found that the Board did not consider and weigh all the relevant statutory factors with respect to the specific variances requested. For example, the Board denied the entire application despite its own finding that a gazebo on the premises was insignificant and would have no adverse impact on the surrounding area. There was no evidence that the requested variances for additions and construction, most of which faced the water, would have an undesirable effect on the character of the neighborhood or any adverse impact upon adjoining parcels (*see Matter of Baker v Brownlie,* 248 AD2d 527, 529 [1998]). The mere presence of community opposition and the unsupported conclusory allegations of neighboring property owners does not justify the denial of applications for area variances (*see Matter of Bianco Homes v Weiler, supra* at 506; *Matter of Hugel v Campbell,* 276 AD2d 488 [2000]; *Matter of D'Angelo v Zoning Bd. of Town of Webster,* 229 AD2d 945 [1996]). Accordingly, the Board's determination was not sup-

ported by substantial evidence, and the Supreme Court properly annulled the determination. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.