■ In the Matter of JAMES J. HUNT et al., Appellants, v BOARD OF ZONING APPEALS OF INCORPORATED VILLAGE OF MALVERNE et al., Respondents. [812 NYS2d 581]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Incorporated Village of Malverne, dated October 23, 2003, granting the variance application of the respondents Russell Asch and Nancy Asch, the petitioners appeal from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated June 22, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contention, the respondent Board of Zoning Appeals of the Incorporated Village of Malverne (hereinafter the Board) properly treated the subject variance application as one which was materially different from a previous application by the same property owners. The record demonstrates that the two applications involved factually distinguishable proposals for constructing an addition to the applicants' residence. Accordingly, the Board was not precluded by the doctrine of res judicata from considering the second application (*see Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d 496, 498 [2004]; *Matter of Riina v Baum*, 300 AD2d 665, 666 [2002]; *Matter of Peccoraro v Humenik*, 258 AD2d 465, 466 [1999]), nor did the application implicate the unanimity requirements for rehearings under Village Law § 7-712-a (12).

The appellants' remaining contention is unpreserved for appellate review and, in any event, is without merit. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.