INCORPORATED VILLAGE OF CENTRE ISLAND et al., Appellants, v JOHN M. COMACK et al., Respondents. [834 NYS2d 288]—

In an action, inter alia, for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated May 18, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment dismissing the complaint is denied, the cross motion for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In 1999 the defendants purchased the subject property, located in the Incorporated Village of Centre Island. Thereafter, the defendants sought a variance to maintain and enlarge a pre-existing, nonconforming principal dwelling on the subject property. Specifically, the defendants sought, inter alia, to build a second story addition over the existing garage and to change the roof line. The proposed expansion and changes would necessarily affect the neighboring properties' existing views of the waters of Oyster Bay. In consideration for the granting of the variance, the defendants executed a "Declaration," dated April 7, 1999.

The "Declaration" provides, in pertinent part:

"(1) All open views from points off the premises to Oyster Bay shall remain in their present unobstructed state;

"(2) No permanent buildings or structures of any kind shall be built on lots numbered 85 and 86;

"(3) No trees or major shrubs shall be planted on lots 85 and 86 with the exception of minor shrubs

and bushes which if allowed to grow to full height would not impede the aforesaid open views. Any shrubs or plants which if allowed to grow to maturity would exceed three feet in height will require the approval of the village building inspector for compliance with the *intent of the declaration;*

"(4) The open lawn area shall remain in its present state with the exception of non-permanent lawn furniture or playsets. An in-ground pool with a see-through type safety fence will not violate the restrictions *if it otherwise complies with all the village* code requirements."

In a decision dated May 20, 1999 the Zoning Board of Appeals of the Village of Centre Island (hereinafter the Zoning Board) granted the defendants' application for the variance subject to, inter alia, the aforementioned conditions delineated in the "Declaration." In 2003 the plaintiffs commenced the instant action, alleging, inter alia, that the defendants violated the "Declaration" and the Zoning Board's decision by planting certain shrubs and trees which obstructed "open views from points off the premises to Oyster Bay." In the order appealed from, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability. We reverse.

The plaintiffs' cross motion for summary judgment on the issue of liability should have been granted and the defendant's motion for summary judgment dismissing the complaint should have been denied. Contrary to the Supreme Court's determination, the language of the "Declaration" and, in particular, the first provision thereof, is not "imprecise and vague" so as to render it unenforceable. The "Declaration," read as a whole to determine its purpose and intent, plainly manifests that, in consideration for the granting of the application seeking the variance, the defendants agreed to maintain "[a]ll open views from points off the premises to Oyster Bay . . . in their present unobstructed state" (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]). There is no ambiguity in the "Declaration" and it "must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Thus, to the extent that certain shrubs and trees planted by the defendants obstruct "open views from points off the premises to Oyster Bay," these violate the "Declaration."

Accordingly, we remit the matter to the Supreme Court, Nas-

sau County, for a hearing to determine the plaintiffs' entitlement to damages, if any, as well as whether any other appropriate relief is warranted, including the partial or complete removal of certain shrubs and trees from the subject property that obstruct "open views from points off the premises to Oyster Bay."

The defendants' contention that there is an inconsistency between the first condition and the third condition of the "Declaration" is without merit. Crane, J.P., Rivera, Goldstein and Dickerson, JJ., concur.