■ In the Matter of MARY ANN MARRO, Respondent, v JACK LIBERT et al., Appellants. [836 NYS2d 691]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay dated August 4, 2005, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County (Lally, J.), dated March 8, 2006, which granted the petition, annulled the determination, and directed that the application for a variance be granted.

Ordered that the judgment is affirmed, with costs.

The petitioner owns a parcel of land improved with a single-family home in Massapequa. A variance obtained in 1959 allowed the home to be built with rear- and side-yard setbacks less than the minimum requirements under the local zoning ordinance. In October 2004 the petitioner applied for a building permit to raise the height of the second-floor bedroom. The application was denied, and she applied to the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the Board) for a variance.

After a public hearing, the Board denied the application. The petitioner commenced the instant CPLR article 78 proceeding to review the Board's determination. The Supreme Court granted the petition, annulled the Board's determination, and directed the Board to issue the requested variance. We affirm.

A zoning board is vested with "broad discretion in considering applications for area variances and . . . [c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). A zoning board's determination should be sustained if it has a rational basis (*see Matter of Pasceri v Gabriele*, 29 AD3d 805 [2006]). Its determination must be based on some objective factual basis and not rest solely on subjective considerations such as general community opposition (*see Matter of Halperin City of New Rochelle, supra* at 772).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weigh-

ing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 307 [2002]).

Here, the Board's denial of the variance application was arbitrary (*see Matter of Easy Home Program v Trotta,* 276 AD2d 553, 553-554 [2000]). Aside from the generalized and unsubstantiated concerns of the neighboring owners, there was no evidence that the requested variance, which would not enlarge the footprint of the home, would have an undesirable effect on the character of the neighborhood or be detrimental to the physical and environmental conditions there (*see Matter of Lessings, Inc. v Scheyer,* 16 AD3d 418, 419 [2005]; *Matter of Purdy St., LLC v Harrison Zoning Bd. of Appeals,* 22 AD3d 498 [2005]).

Accordingly, the Supreme Court properly granted the petition, annulled the determination, and directed the Board to grant the application for the area variance. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur. [*See* 12 Misc 3d 1152(A), 2006 NY Slip Op 50868(U) (2006).]