■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. HATHAWAY, Appellant. [864 NYS2d 604]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered November 23, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), defendant contends that Supreme Court erred in refusing to suppress the in-court identification of him by the sole eyewitness to the murder. We reject that contention. The record establishes that, on the day of the murder, the eyewitness identified defendant as the perpetrator from a photo array. Shortly before the commencement of trial, however, the eyewitness informed the prosecutor that defendant was not the perpetrator, whereupon the prosecutor asked the court for permission to conduct a lineup identification procedure. The court ordered that the lineup be conducted, and the eyewitness failed to identify defendant in the lineup. With the court's permission, the prosecutor and the police spoke to the eyewitness to ascertain why he had changed his position with respect to his prior identification of defendant in the photo array. The eyewitness informed them that he knew that defendant was in the lineup but that he was nervous and afraid so he purposely failed to select defendant. He also informed them that he falsely told the prosecutor, at the earlier meeting prior to the lineup, that defendant was not the perpetrator. Defendant challenged the actions of the prosecutor and the police as unduly suggestive and, following a supplemental *Wade* hearing, the court refused to suppress the in-court identification.

It is well established that, "[w]hile the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears

the ultimate burden of proving that the [conduct or] procedure was unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). The actions of the prosecutor and the police would be unduly suggestive if those actions "create[d] a substantial likelihood that the defendant would be singled out for identification" (*id.* at 336; *see People v Armstrong*, 1 AD3d 961 [2003], *lv denied* 1 NY3d 594 [2004]). Contrary to defendant's contention, neither the police nor the prosecutor engaged in any impermissibly suggestive conduct when they sought to question the eyewitness with respect to his failure to identify defendant at the lineup. The evidence presented by the People at the supplemental *Wade* hearing, including the testimony of the eyewitness, establishes that the eyewitness voluntarily informed the prosecutor and the police that he had purposely failed to identify defendant at the lineup and why. We thus conclude that the People met their initial burden of establishing that the actions of the prosecutor and the police were not unduly suggestive. We note in any event that the record establishes that the eyewitness initially identified defendant by his street name and selected defendant's photograph from an array prior to the allegedly suggestive activity, thereby demonstrating that the eyewitness was familiar with defendant and that there was no risk that any subsequent action by the prosecutor or the police could lead to a misidentification (*see generally People v Sides*, 265 AD2d 907 [1999]; *People v Dade*, 187 AD2d 959 [1992], *lv denied* 81 NY2d 838 [1993]). Defendant failed to meet his ultimate burden of establishing that the actions of the prosecutor and the police were unduly suggestive, i.e., that those actions created a substantial likelihood that he would be misidentified as the perpetrator (*see generally Chipp*, 75 NY2d at 336). Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.