OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fines, if paid, are remitted.
Defendant Robert Gregory and his wife own premises located at 433 Centre Island Road in the Village of Centre Island, Nas *3 sau County (the property), consisting of nine tax lots and a residence. The Village of Centre Island is surrounded on three sides by Oyster Bay. Defendant and his wife purchased the property from John Comack and Kathleen Comack on November 30, 2006.
The Comacks had purchased the property in 1999. They sought a variance to maintain and enlarge a preexisting home on the property, i.e., to build a second-story addition over the garage and change the roof line. These changes would affect their neighbors’ existing views of the waters of Oyster Bay. On May 20, 1999, the Village’s Zoning Board of Appeals granted the variance, after the Comacks signed a “declaration,” or “covenant,” on April 7, 1999, which, in pertinent part, requires that “[a] 11 open views from points off the premises to Oyster Bay shall remain in their present unobstructed state.” A certificate of occupancy was issued on January 8, 2001, reflecting the covenant and the variance. It is undisputed that the 2006 sale of the property to defendant and his wife was subject to the covenant.
In 2003, the Comacks planted several shrubs and trees on the property. As a result, the Village commenced an action in the Supreme Court, Nassau County, to, among other things, enjoin the Comacks from maintaining those shrubs and trees, on the ground that the plantings violated the covenant and the 1999 Zoning Board decision. In an order dated May 18, 2005, the Supreme Court, Nassau County (Anthony L. Parga, J.), granted the Comacks’ motion for summary judgment dismissing the complaint, and denied the Village’s cross motion for summary judgment on the issue of liability.
The Village appealed and, on April 17, 2007, after defendant and his wife had purchased the property, the Appellate Division reversed the order of the Supreme Court (Incorporated Vil. of Ctr. Is. v Comack, 39 AD3d 712, 713-714 [2007]), stating, in pertinent part, as follows:
“The plaintiffs’ cross motion for summary judgment on the issue of liability should have been granted and the defendant’s motion for summary judgment dismissing the complaint should have been denied. Contrary to the Supreme Court’s determination, the language of the ‘Declaration’ and, in particular, the first provision thereof, is not ‘imprecise and vague’ so as to render it unenforceable. The ‘Declaration,’ read as a whole to determine its purpose *4 and intent, plainly manifests that, in consideration for the granting of the application seeking the variance, the defendants agreed to maintain ‘[a] 11 open views from points off the premises to Oyster Bay ... in their present unobstructed state’ (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]). There is no ambiguity in the ‘Declaration’ and it ‘must be enforced according to the plain meaning of its terms’ (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Thus, to the extent that certain shrubs and trees planted by the defendants obstruct ‘open views from points off the premises to Oyster Bay,’ these violate the ‘Declaration.’
“Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine the plaintiffs’ entitlement to damages, if any, as well as whether any other appropriate relief is warranted, including the partial or complete removal of certain shrubs and trees from the subject property that obstruct ‘open views from points off the premises to Oyster Bay.’ ’”*
When the property was inspected by Village Building Inspector Joseph Richardson on October 25, 2011, he observed trees being planted by landscapers at defendant’s direction. Richardson presented defendant with a building inspection report, indicating that the installation of trees violated the covenant, and, therefore violated the certificate of occupancy.
On November 2, 2011, the Village issued defendant an appearance ticket, alleging a violation of section 122-29 of the Zoning Code of the Village of Centre Island, in that defendant was using the property “without [a] certificate of occupancy.” Richardson visited the property every 7 to 14 days prior to the nonjury trial. An information dated November 8, 2012 charged defendant with the original violation on October 25, 2011, together with 51 counts of maintaining the installation of the offending plantings in the 51 weeks thereafter.
Section 122-29 of the Zoning Code of the Village of Centre Island provides that it is “unlawful to use or permit the use of any building or premises or part thereof hereafter erected, changed, converted or enlarged, wholly or partly, in its use or structure . . . until a certificate of occupancy therefor shall *5 have been issued by the Building Committee.” Each weekly violation constitutes a separate offense (see Village Law § 20-2006 [1-a]).
At a nonjury trial, Inspector Richardson testified that he had visited defendant’s property on October 25, 2011 in response to an email and a telephone call. He observed “[ljandscapers installing various bushes and trees.” Defendant told Richardson “that the men were doing the work at his authorization and that he felt that it was perfectly acceptable to do that even though the covenant and restriction might have been in place.” Richardson next visited the property on October 27, 2011. He observed “that the vegetation was still in place,” and wrote a report “stating that the vegetation had remained.” Photographs taken on November 6, 2012 from the north side of the property looking south towards Oyster Bay were admitted as evidence “of the vegetation” Richardson “had seen being installed . . . towards the water on October 25th 2011.” In Richardson’s professional opinion, the 14 trees obstructed views of Oyster Bay “from points off the premises.”
During cross-examination, Richardson testified, among other things, that the 14 trees defendant directed to be planted were not within defendant’s property, but “outside the property and within [a] right-of-way.”
Defendant moved to dismiss at the close of the People’s evidence, alleging that the People had failed to make out a prima facie case. Defendant argued that, based on the language of the covenant, referring to “present unobstructed views,” the People were required to present evidence of the views of the bay that were unobstructed in 1999 when the Comacks entered into the covenant, and that the People had failed to present such evidence. Defendant also argued that, as the evidence indicated that the trees were not planted on the property, the covenant and the certificate of occupancy had not been violated.
In a decision dated January 9, 2013, the Justice Court found defendant guilty of all 52 counts and, on January 14, 2014, sentenced defendant to a $250 fine on each conviction.
On appeal, defendant argues that the People failed to present evidence of the obstructions existing at the time the Comacks entered into the covenant in 1999, and that the covenant did not apply to the plantings because they were not placed on defendant’s property. Defendant further contends that the 51 counts added to the initial violation should have been dismissed as multiplicitous. The People respond that *6 defendant’s guilt was proved beyond a reasonable doubt by both direct and circumstantial evidence, and that Village Law § 20-2006 (1-a) permits separate charges for continued violations of zoning ordinances.
We note at the outset that, in Incorporated Vil. of Ctr. Is. v Comack (39 AD3d at 713), the Appellate Division determined that the covenant involved herein was not ambiguous, and that, “to the extent that certain shrubs and trees planted by the defendants [the Comacks] obstruct ‘open views from points off the premises to Oyster Bay,’ these violate the” covenant. However, at issue in that case were the Comacks’ 2003 plantings on the property, rather than defendant’s 2011 plantings on the right-of-way, which are the subject of this prosecution.
In our opinion, the judgment of conviction must be reversed and the accusatory instrument dismissed. It is well settled that a local zoning board may only impose conditions in connection with a variance that are “reasonable and relate only to the real estate involved without regard to the person who owns or occupies it” (Matter of Dexter v Town Bd. of Town of Gates, 36 NY2d 102, 105 [1975]). While a zoning board may impose conditions in connection with the grant of a variance, as “corrective measures designed to protect neighboring properties against the possible adverse effects” of the variance, such conditions cannot be applied to “land that is not the subject of the variance application” (Matter of St. Onge v Donovan, 71 NY2d 507, 516 [1988]). Such conditions cannot impose a requirement “completely unrelated either to the use of the land at issue or to the potential impact of that use on neighboring properties” (id. at 517; see City of New York v Delafield 246 Corp., 236 AD2d 11, 23 [1997] [variance conditions cannot be applied “to a different parcel of land” than the parcel that is “the subject of the variance”]).
Here, the People’s proof failed to establish that the 14 trees were planted on defendant’s property (and indeed, the People argue that where the trees were planted is ultimately irrevelant, so long as they blocked “open views from points off the premises to Oyster Bay”). Rather, the People sought to apply the covenant to other land in a manner that was “completely unrelated ... to the use of the land at issue” (Matter of St. Onge v Donovan, 71 NY2d at 517). Consequently, the People failed to establish that defendant had violated the covenant, and, therefore, that he had violated the certificate of occupancy. Thus, viewing the evidence in the light most favorable to the *7 prosecution (see People v Contes, 60 NY2d 620, 621 [1983]; People v Laroche, 27 Misc 3d 97, 101-102 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), we find that defendant’s guilt was not supported by legally sufficient evidence.
In light of our determination, we need not reach defendant’s remaining contentions.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Garguilo, J.P., Iannacci and Brands, JJ., concur.

 Apparently, the Village and the Comacks settled the dispute before a hearing was conducted.