■ In the Matter of ELLIOT J. COHEN et al., Appellants, v TOWN OF RAMAPO BUILDING, PLANNING & ZONING DEPARTMENT et al., Respondents, et al., Respondent. [54 NYS3d 650]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of the Town of Ramapo dated February 27, 2014, which, after a hearing, granted the application of Divrei Chaim for area variances, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Garvey, J.), dated October 29, 2014, as, in effect, denied that branch of the amended petition which was to annul the February 27, 2014, determination and dismissed that portion of the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Divrei Chaim, a yeshiva, sought several area variances so that it could construct and operate a religious school on its property in Monsey. The Zoning Board of Appeals of the Town of Ramapo (hereinafter the ZBA) granted the application for the area variances after it heard testimony both in favor of and against the requested variances. Two individuals who live in the vicinity of the proposed religious school commenced this proceeding pursuant to CPLR article 78, seeking, inter alia, to annul the ZBA's determination. In a judgment dated October 29, 2014, the Supreme Court, inter alia, in effect, denied that branch of the amended petition which was to annul the ZBA's determination and dismissed that portion of the proceeding. The petitioners appeal.

"[L]ocal zoning boards have broad discretion in considering applications for area variances" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "Courts may set aside a zoning board determination only where

the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*id.* at 613). A determination is rational and not arbitrary or capricious "if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition" (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005]). Further, "while religious institutions are not exempt from local zoning laws, greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made" (*Matter of Genesis Assembly of God v Davies*, 208 AD2d 627, 628 [1994]).

Contrary to the petitioners' contention, the ZBA engaged in the required balancing test and considered the five relevant statutory factors in granting the application for area variances (*see* Town Law § 267-b [3] [b]). The record reveals that the ZBA's determination had a rational basis and was not arbitrary or capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612). A zoning board is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations [is] rational" (*Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]).

The petitioners' remaining contentions are without merit. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.