Matter of Feinberg- Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals (2018 NY Slip Op 08978)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Feinberg- Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals

2018 NY Slip Op 08978

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526070

[*1]In the Matter of FEINBERG- SMITH ASSOCIATES, INC., Doing Business as HAYES STUDENT LIVING COMMUNITY, Appellant,
v TOWN OF VESTAL ZONING BOARD OF APPEALS, Respondent, et al., Respondent.

Calendar Date: November 13, 2018
Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Pope, Schrader & Pope, LLP, Binghamton (Alan J. Pope of counsel), for appellant.
Levene, Gouldin & Thompson, LLP, Vestal (Cynthia Ann Manchester of counsel), for Town of Vestal Zoning Board of Appeals, respondent.

MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the Supreme Court (Faughnan, J.), entered August 16, 2017 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Vestal Zoning Board of Appeals denying petitioner's request for three zoning variances.
Petitioner's property in the Town of Vestal, Broome County contains eight buildings with one- and two-bedroom apartments leased to students who attend a nearby university. Seeking approval of a project to create additional housing on this property, petitioner filed an application with respondent Town of Vestal Zoning Board of Appeals (hereinafter the ZBA) for five area variances. During the hearing process, petitioner withdrew two of its variance requests, but retained its requests to increase the number of dwelling units based on the lot size, decrease the minimum living area per unit and decrease the required number of parking spaces. After the ZBA denied the variance requests, petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition. Petitioner appeals.
The ZBA's decision was supported by the record and had a rational basis. "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure. A determination of a zoning board should be sustained on judicial review if it has a rational basis" and is supported by the record (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004] [citations omitted]; see CPLR 7803 [3]; Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d [*2]1291, 1292 [2018]; Matter of Russo v City of Albany Zoning Bd., 78 AD3d 1277, 1279 [2010]). When deciding whether to grant a variance, a zoning board must "engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted. The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) the benefit sought by the applicant can be achieved through some other method, feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial; (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created" (Matter of Ifrah v Utschig, 98 NY2d at 307-308 [internal citation omitted]; see Town Law § 267-b [3] [b]). "[S]cientific or expert testimony is not required in every case to support a zoning board's determination" (Matter of Ifrah v Utschig, 98 NY2d at 308). Regardless of how a court might have decided the matter in the first instance, the court's function is only to review the zoning board's decision rather than substitute its own judgment (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613).
When rendering its decision, the ZBA was "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational" (Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 929 [2007]; see Matter of Cohen v Town of Ramapo Bldg., Planning & Zoning Dept., 150 AD3d 993, 994 [2017]). The record reflects the large differences between a project as permitted under the zoning regulations and the relief requested by petitioner. The regulation for minimum lot size would permit 154 units on the property, whereas petitioner sought permission for a total of 409 apartments. Petitioner sought to reduce the minimum living space per unit from 750 square feet to 474 square feet. Petitioner also sought to reduce the number of required parking spaces from 818 to 309. Under its proposal, petitioner intended to lease to 562 residents, whereas in the apartments currently on the property petitioner leases to 222 residents. Each of the requested variances was substantial individually, and the significance is magnified when the project is considered as a whole.
The record also contains information addressing the potential negative changes to the character of the neighborhood or detriment to nearby properties. The zone is a mixed-use area, but most of the immediately-adjacent streets contain predominantly one-family residences. Neighbors spoke at the hearing and submitted letters providing first-hand information about problems with vehicle and pedestrian traffic in the neighborhood. Although petitioner markets the apartments to graduate and international students, once the variances are granted, they would run with the land and there would be no limitation on the demographics of future lessees. Furthermore, rather than setting a minimum living area per person or bedroom, the Vestal Town Code sets forth a minimum living area per "family," which is defined as, among other things, any number of related persons occupying a single dwelling unit, or up to five unrelated persons occupying a single dwelling unit (see Town of Vestal Code §§ 24-1, 24-182 [c] [2]). If an area variance were granted reducing the minimum living area to 474 feet, it would be permissible — notwithstanding petitioner's stated intention to allow only one student to rent each of its one-bedroom apartments — for an entire family, as defined by the Town Code, to occupy such a unit. Additionally, while petitioner explains that a small number of parking spaces would be reasonable because historically most of its student residents do not have vehicles and walk to campus, the ZBA was permitted to consider that the requested number of parking spaces could be unreasonable if the units were occupied by families or even single nonstudents.
In its application, petitioner acknowledged that the difficulty is self-created. Further, petitioner could feasibly attain the benefit of increased rental units another way. Petitioner explained that it could configure its property with 154 five-bedroom apartments, housing 770 residents, without requiring any variances, although that would not be consistent with its marketing plan of one- and two-bedroom units for students. The ZBA considered the statutory factors, engaged in the necessary balancing and reached a determination that was supported by the record and had a rational basis (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 [*3]NY3d at 613; Matter of Ifrah v Utschig, 98 NY2d at 308; Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d at 1293-1294). Contrary to petitioner's contention, the decision was not based entirely on community opposition (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613; Matter of Cohen v Town of Ramapo Bldg., Planning & Zoning Dept., 150 AD3d at 994).
Petitioner's assertion that the ZBA violated the Open Meetings Law is entirely speculative. By failing to raise before the ZBA or Supreme Court its argument that it was prejudiced because only three members of the ZBA participated in the decision regarding these variance requests, petitioner did not preserve the argument for our review. Petitioner's remaining arguments have been reviewed and found to be without merit.
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.